```
 1  QUIN DENVIR, Bar #49374
    Federal Defender
 2  ALLISON CLAIRE, Bar #170138
    Assistant Federal Defender
 3  801 I Street, 3rd Floor
    Sacramento, California 95814
 4  Telephone: (916) 498-5700
 5
    Attorneys For Petitioner
 6  RAY LEE VAUGHN
 7
 8
                    IN THE UNITED STATES DISTRICT COURT
 9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
12
    RAY LEE VAUGHN,                    )  NO. CIV 01-5241 OWW DLB HC
13                                     )
                   Petitioner,         )
14                                     )  STIPULATION AND ORDER EXTENDING
         v.                            )  TIME TO FILE PETITIONER'S
15                                     )  SUPPLEMENTAL BRIEF RE: PROCEDURAL
    D. ADAMS,                          )  DEFAULT
16                                     )
                   Respondent.         )
17                                     )
    _____    )
18
```

19          Petitioner, RAY LEE VAUGHN, and respondent, D. ADAMS, by and
20  through their respective counsel, hereby agree and stipulate as
21  follows:
22          1.  Respondent's supplemental brief regarding procedural
23  default was filed on February 24, 2005.  The deadline for petitioner's
24  supplemental brief was thereafter extended, by stipulation and order,
25  to May 12, 2005.  For the reasons set forth below, the parties agree
26  that a second continuance is necessary and appropriate.
27          2.  Pursuant to <u>Bennett v. Mueller</u>, 322 F.3d 573, 585-86 (9th
28  Cir. 2003), petitioner must place the affirmative defense of procedural

1  default at issue by asserting specific factual allegations to
2  demonstrate the inadequacy of the state's procedural rule.  To meet
3  this initial burden of production, petitioner is gathering
4  documentation of non-capital habeas cases in which the rule of <u>In re</u>
5  <u>Dixon</u>, 41 Cal.2d 756 (1953), could have been, but was not, applied by
6  the California Supreme Court during the general time period of
7  petitioner's purported default.  Under <u>Bennett</u>, once petitioner makes
8  this showing the burden will shift to the state to prove that the
9  procedural rule is regularly and consistently applied.

10      3.  In order to make the required showing, petitioner must
11  undertake extensive review of California Supreme Court closed habeas
12  case files, and compare the petitions against the direct appeals in
13  each case.  Very little of the necessary data, and few of the necessary
14  documents, are available on-line or in published opinions.

15      4.  As set forth below, petitioner has been diligent in
16  attempting to gather the necessary data and documents:

17      a.  Beginning in early March, counsel identified a pool of
18  approximately 600 California habeas cases that had been decided by the
19  California Supreme Court in 1997.  We determined that approximately 450
20  of these were related to federal habeas cases filed in the Eastern
21  District.  Online review of federal dockets and (where available)
22  Findings and Recommendations identified, by process of elimination,
23  approximately 20 cases which could involve petitioners similarly
24  situated to Mr. Vaughn.

25      b.  Specified portions of the record, filed in the federal
26  cases, were then requested from district court archives in Sacramento
27  and Fresno, and copies ordered.  Following another round of preliminary
28  review and elimination, original state court documents were ordered

1  from the Fifth District Court of Appeal and the California Supreme
2  Court during the last week of April.  The case files are archived.
3  Those documents have not yet been recieved.
4          5.  Petitioner requires additional time to review the
5  documents already received, receive the documents ordered but not yet
6  received, screen all cases for their applicability to the issues
7  presented in this case, and conduct follow-up research as necessary.
8          6.  For these reasons, petitioner respectfully requests a 30-
9  day extension of time, up to and including June 12, 2005, in which to
10 prepare and file his supplemental brief.  Respondent has no objection
11 to this request.
12         7.  Counsel for respondent, Deputy Attorney General Justain
13 P. Riley, has authorized the undersigned to sign this stipulation
14 electronically on his behalf.

Dated:  May 5, 2005

                                    Respectfully submitted,

                                    QUIN DENVIR
                                    Federal Defender


                                    /s/ Allison Claire
                                    ALLISON CLAIRE
                                    Assistant Federal Defender
                                    Attorney for Petitioner
                                    RAY LEE VAUGHN


                                    /s/ Justain P. Riley
                                    JUSTAIN P. RILEY
                                    Deputy Attorney General
                                    Attorney for Respondents
                                    D. ADAMS

**ORDER**

Pursuant to the stipulation of the parties, and for good cause shown, petitioner's request for a second extension of time is hereby GRANTED.  Petitioner's supplemental brief regarding procedural default shall be filed no later than June 12, 2005.

IT IS SO ORDERED.

**Dated:   May 5, 2005**              _____/s/ Dennis L. Beck_____
ah0l4d                                  UNITED STATES MAGISTRATE JUDGE

Vaughn stip/order 2ND EOT                4